### C. W. LEWIS *v.* BOARD OF SUPERVISORS OF WASHINGTON COUNTY.

DISTRESS FOR RENT. *Right of board of supervisors to maintain.*

Under § 897 of the Code of 1880, which confers upon the several counties of the State all the rights of private parties in matters of litigation, a board of supervisors may maintain distress for rent due the county from a lessee (or his assignee) of school lands. *Crittenden* v. *Leavenworth, ante,* 32.

APPEAL from the Circuit Court of Washington County.

HON. B. F. TRIMBLE, Judge.

The case is stated in the opinion of the court.

*E. N. Thomas,* for the appellant.

The law never contemplated that rents of school sections should be collected by distress. See Code of 1880, §§ 732 and 737 inclusive, where the manner of leasing school lands, the nature of the

security to be taken, and the persons to whom it is to be given, and the remedy for the collection of the rents are clearly stated.

*J. M. Jayne,* on the same side.

The provisions of chapter 50, of the Code of 1880, do not apply to the collection of rents for school lands, but the remedy and rights given in that chapter apply exclusively to private individuals.

Chapter 16, of the Code of 1880, embraces a complete scheme for the leasing, and collection of rents due for, school land. Sections 732, 733, and 735, of chapter 16, provide when the lease of school land shall be made, and how the rent to become due shall be evidenced, secured, and collected. Section 736, chapter 16, provides how the rent shall be collected in case the same is not promptly paid. Everything, from the letting of school lands to the enforcement of payment of rent, is provided for in this chapter 16, and we think the mode of collecting the rent therein pointed out is the only remedy that the board of supervisors have.

*W. R. Trigg,* for the appellee.

The Board of Supervisors of Washington County are sole custodians of school lands and control the funds arising from lease of same. Acts of 1850, page 40, special law.

This act was not repealed by the Codes of 1857, 1871, or 1880, and is not affected by any provision therein nor by any subsequent act of the legislature. The board is, however, vested with full power. Code 1880, § 744; *Vernon* v. *Board of Police,* 47 Miss. 188; *Brown* v. *Board of Supervisors,* 54 Miss. 230; Code of 1880 and 1871, same in reference to power of board of supervisors.

If Benson was sub-tenant of Barrett, then he is bound for all the rent, at least all products raised on leased premises are liable. Code 1880, § 1301; *Harris* v. *Frank,* 52 Miss. 155; *Taylor* v. *Nelson,* 54 Miss. 524; *Henry* v. *Davis,* 60 Miss. 212; *Fitzgerald* v. *Fowlkes,* 60 Miss. 270; and even though the cotton had been turned over to Lewis by Benson and he had received credit for the same, the lien would follow. *Vide Paine* v. *Aberdeen Hotel Company,* 60 Miss. 360.

CHALMERS, J., delivered the opinion of the court.

C. W. Lewis sued out an ordinary attachment and had the same levied on sundry bales of cotton, the property of his debtor, Benson. He had judgment, but before he could make sale, the board of supervisors of the county levied a distress warrant upon the same cotton, claiming it for rent due and in arrears. The cotton has now been sold, and the sheriff brings the proceeds into court, and prays direction as to whether they shall be paid over to Lewis, upon his attachment writ, or to the county upon its distress warrant. It is admitted that Lewis was prior in time, but if the county can maintain distress, it is plain that it is entitled to the proceeds, since the cotton was raised upon school land belonging to the county, for which Benson had taken an assignment of the lease from Barrett, the lessee of the county.

The principal contention, both in the lower court and in this, is that the right of distress applies only in favor of private persons, and does not extend to the several counties of the State.

By § 897, of the Code of 1880, all the rights of private parties in matters of litigation are extended to the several counties of the State, and this provision settles the law in favor of the county. *Crittenden* v. *Leavenworth, ante,* 32. The other questions in the case are unimportant.

*Judgment affirmed.*